UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Alonzo McKissick and
Cheryl McKissick,

Case No. 04-73103
Chapter 13
Hon. Marci B. McIvor

Debtors.
_____/

## OPINION DENYING TRUSTEE'S OBJECTIONS TO FIRST APPLICATION FOR ORDER APPROVING ATTORNEY FEES AND EXPENSES

This matter came before the Court on the Trustee's Objections to Debtors' Counsel's First Application for Order Approving Attorney Fees and Expenses. The Trustee objects to the overall fees requested as unreasonable and makes specific objections to the hourly rate charged by certain attorneys. The Trustee also objects to specific time entries asserting that they are for accounting services rather than legal services. Having fully reviewed the file, the Application, and the Objections thereto, the Court denies the objections and awards Debtors' attorney fees in the amount of $6,729 and costs in the amount of $206.58.

### Facts

Debtors Alonzo and Cheryl McKissick filed a Chapter 13 bankruptcy petition on November 22, 2004. Debtors had not filed state or federal tax returns for several years. In order to determine whether any feasible plan could be proposed, Debtors' Counsel first had to determine the full extent of Debtors' tax liabilities. Six years (1998-2003) of state and federal tax returns were prepared and filed by Counsel. A chapter 13 Plan was subsequently proposed but never confirmed and the case was dismissed on May 25, 2005. On May 16, 2005, Counsel filed a First Application for Order Approving Attorney Fees and Expenses. The Application seeks $6,720 in fees and

$206.58 in expenses. On May 31, 2005, the Trustee filed Objections to the Fee Application. A hearing on the Application was held on August 11, 2005.

## Analysis

### A. Jurisdiction

This is a core proceeding under 28 U.S.C. § 28 U.S.C. 157(b)(2)(A), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a).

### B. Standard for Awarding Fees

In the Sixth Circuit, the lodestar method is used for calculating fees. *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). The lodestar amount is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id.* Bankruptcy Code § 330(a) codifies the criteria for evaluating fee requests. Section 330(a) states, in part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --
>
>> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any para-professional personal employed by any such person; and
>>
>> (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant facts, including

2

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --

(i) unnecessary duplication of services; or

(ii) services that were not --

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

\* \* \*

A bankruptcy court has broad discretion in determining fee awards. *Manf. Nat'l Bank v. Auto Specialities Mfg. Co. (In re Auto Specialities Mfg. Co.)*, 18 F.3d 358 (6th Cir. 1994).

C. Specific Objections to Fees and Costs

Having specifically reviewed the file, the Fee Application and the Objections to the Fee Application, the Court finds that the overall fees requested in the Application (the hourly rate and the number of hours billed) are reasonable.

3

1. Hourly Rates

The Trustee asserts that the hourly rates for two attorneys and one paralegal are unreasonable. (Trustee's Objections, ¶¶ 2, 3, 4). In each instance the rate requested is between $10 and $25 dollars per hour higher than the rate deemed reasonable by the Trustee in comparable Chapter 13 cases. While the Court agrees that the rates are on the high side of those paid to comparable practitioners, the rates and hours charged in this case do not appear excessive.

Rule 2016-1 (b)(11) of the Local Bankruptcy Rules for the Eastern District of Michigan requires that "a brief biographical statement of the professional experience of each attorney for whom an award of compensation is sought" be included with fee applications. The Court notes that the Application in the present case fails to include this information. The Court is well-acquainted with the firm filing the Application, Firebaugh & Andrews, P.C. The firm generally represents its clients in an efficient and competent manner and the Court is confident that the firm is entitled to the fees sought in this case. Having said that, however, Counsel should note that the Court will require strict compliance with all provisions in the local rules going forward and all fee applications must include the biographical information specified in the local rules.

2. Specific Time Entries

The Trustee challenges a time entry dated February 2, 2005 (time spent preparing Mr. McKissick's 1998-2002 Michigan tax returns and Mrs. McKissick's 1998-1999 federal and state tax returns) as duplicative of an entry dated January 11, 2005 (time spent preparing Mr. McKissick's 1998-2002 federal tax returns). (Objections ¶ 6(a)). The entries are plainly not duplicative and the Court denies the objection.

4

The Trustee challenges time billed for attending confirmation hearings (Objections ¶ 6 (b)and (c)), asserting by implication that Counsel should pro-rate the time spent in Court on those dates among all clients. It is not clear to the Court that Counsel does not pro-rate that time because a review of the overall time charged for confirmation hearings in this case is reasonable.

The Trustee challenges time spent preparing two Motions for Entry of Amended Payment Orders arguing that had Counsel given the Trustee time to review and approve the Orders, the Motions would have been unnecessary. (Objections ¶ 6(d)). On reviewing the Fee Application, however, the Court notes that Counsel did not include a separate entry for time spent preparing the amended payment orders themselves. The overall fees sought related to preparation and entry of amended payment orders is reasonable and the Court will not reduce fees related to those services.

The Trustee challenges all of the time spent by Counsel preparing six years of Debtors' federal and state tax returns asserting that the services were accounting services rather than legal services. (Objections ¶ 7). The Court disagrees. The primary challenge in drafting a feasible plan in this case was determining the extent of Debtors' tax liabilities.[1] Counsel apparently had the skills necessary to prepare the tax returns. Given that the returns needed to be filed quickly and Counsel had difficulty in obtaining the necessary information from his clients, Counsel's decision to prepare the returns himself (rather than referring the to a certified public accountant) makes sense. Moreover, the total fees charged by Counsel for preparing six years of state and federal

---

[1] Debtors owe significant back taxes. The Internal Revenue Service filed claim for $101,420.85.

5

tax returns ($1,912.50) translates into $ 318.75 per tax year– not an excessive sum for tax work.

The Trustee's Objection to fees related to preparing Debtors' tax returns is denied.

### 3. Fees Related to Preparation of Fee Application

The Trustee objects to fees requested relating to preparation of the fee application. (Objections ¶ 5). That entry, dated May 11, 2005, seeks $337.50. (1.5 hours at $225.00 per hour). "Absent exceptional circumstances, fees for the preparation of fee applications should be limited to 5% of the total fees requested." *In re Bass*, 227 B.R. 103, 109 (Bankr. E.D. Mich. 1998).

Applying *Bass* to the present fee application, the $337.50 sought by Debtors' Counsel is $1.00 over the 5% baseline set forth in *Bass*. Because the application substantially complies with *Bass*, the Court declines to reduce the fees related to preparation of the fee application.

### Conclusion

The Court recognizes that it is unusual for a debtor's attorney to earn more than $6,000 in fees for a dismissed Chapter 13 case. However, the fees are warranted under the circumstances of this case. Debtors needed to file six years of federal and state tax returns. Debtors' Counsel completed and filed the returns. He is entitled to be paid for his efforts notwithstanding the fact that subsequent events precluded confirmation of the proposed plan. Because this case was dismissed, no creditors are impacted by the fees paid. Counsel's fee will be paid directly from money the Trustee would otherwise return to Debtors. This result is fair. Debtors directly benefitted from the filing of the tax returns.

6

For the reasons stated above, the Trustee's Objections to Debtors' Counsel's First Application for Attorney Fees and Expenses are denied. Debtors' Counsel is awarded total fees of $ 6,729.00 and expenses of $206.58 for a total award of $6,935.58.

Marci B. McIvor
United States Bankruptcy Judge

Dated: AUG 2 6 2005
Detroit, Michigan

cc: Samuel Firebaugh
David Ruskin

7